UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS, | No. 2:19-cv-2424 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| MARK DAVIS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

As an alternative to having counsel appointed, plaintiff asks that the court order prison officials provide him with increased access to the prison law library, supplies, copies, etc.  The court will not enter a general order of that sort.  If plaintiff requires something specific so that he may adequately pursue this case, and can demonstrate why court intervention is necessary, he may request that the court enter an order.  Plaintiff should also indicate to whom the order should be directed such as the facility warden or litigation coordinator.  Of course, leeway will be given to prison officials as appropriate in light of the Covid 19 pandemic.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 18, 2020 "motion for appointment of counsel" (ECF No. 23) is denied.

Dated:  May 26, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/mp
hick2424.31

2